CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
DEC 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FATEN H. TANEEB, | ) |
| Plaintiff. | ) Civil Action No. 7:08CV00439 |
| v. | ) **MEMORANDUM OPINION** |
| BRANCH BANKING & TRUST, et al., COMPANY, INC., | ) By: Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

The plaintiff, Faten H. Taneeb, filed this action in the Circuit Court of the City of Roanoke, seeking to enjoin the defendant, Branch Banking & Trust Company, Inc. ("BB&T"), from foreclosing on certain real estate owned by the plaintiff. BB&T removed the action to this court and subsequently moved for summary judgment. The case is presently before the court on BB&T's motion. For the reasons that follow, the motion will be granted.

**Factual and Procedural Background**

On July 5, 2007, the plaintiff executed a durable power of attorney appointing her husband, Mufid K. Taneeb ("Mr. Taneeb"), as her attorney in fact.[1] Pursuant to the power of attorney, Mr. Taneeb was authorized "to act for [the plaintiff], and in [her] name in any way [she] could act in person, including but not limited to the specific acts listed below." (Mot. for Summ. J., Ex. A). Such specific acts included the power to mortgage any interest in real property.

The power of attorney was recorded in the Clerk's Office of the Circuit Court of the City of Roanoke on August 16, 2007. In December of 2007, Mr. Taneeb obtained two loans from

---

[1] According to the plaintiff, the couple is no longer married. The plaintiff indicates that the couple's divorce was finalized in the Middle East in October of 2007.

BB&T. Both loans are evidenced by promissory notes signed by Mr. Taneeb. The first note is for the amount of $65,760.00, and the second note is for the amount of $49,200.00.

The indebtedness evidenced by the notes is secured by real estate located in the City of Roanoke. The $65,760.00 note is secured by a deed of trust on real estate located at 414 Arbutus Avenue, and the $49,200.00 note is secured by a deed of trust on real estate located at 1430 Aspen Street. Both pieces of property are owned by the plaintiff.

At the time Mr. Taneeb executed the deeds of trust and obtained the loans, he presented BB&T with the original power of attorney signed by the plaintiff. Additionally, Mr. Taneeb executed an affidavit in which he averred that the power of attorney was "legal" and "valid," that it was "currently exercisable by [him]," and that it had not been "revoked, terminated or [rendered] ineffective by the death, disability or incompetence" of the plaintiff. (Mot. for Summ. J., Ex. 6 to Huffman Aff.).

Mr. Taneeb ultimately defaulted on the notes. BB&T subsequently notified the plaintiff of the default, and advised her that it will initiate foreclosure proceedings against the real estate securing the notes if the defaults are not cured.

On or about July 21, 2008, the plaintiff commenced this action in the Circuit Court of the City of Roanoke by filing a "complaint for temporary injunction" against BB&T. In an affidavit accompanying the complaint, the plaintiff alleged that Mr. Taneeb "fraudulently obtained a loan through BB&T using a General Power of Attorney that had been revoked by Plaintiff prior to their divorce," that she had been advised of Mr. Taneeb's default, and that "she will suffer irreparable injury if the foreclosure is initiated and the sale is allowed to occur." (Aff. in Supp. of Compl. 1-2).

BB&T removed the action to this court on July 25, 2008. On September 16, 2008, BB&T filed a motion for summary judgment, along with an affidavit from Melissa Huffman, Regional Operations Branch Manager. In the affidavit, Huffman avers that "[a]t the time the loans were made and the deeds of trust executed, BB&T did not have actual knowledge that the Power of Attorney had been revoked or terminated, and had no knowledge that the Power of Attorney was not valid." (Mot. for Summ. J., Ex. B).

The court held a hearing on BB&T's motion for summary judgment on November 25, 2008. The motion is now ripe for review.

## Standard of Review

An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

In this case, it is undisputed that the power of attorney authorized Mr. Taneeb to encumber the plaintiff's property. Instead, the dispute centers on the effects of the plaintiff's alleged revocation of the power of attorney.

3

In moving for summary judgment, BB&T argues that even if the plaintiff did, in fact, revoke the power of attorney prior to December of 2007, the revocation was not effective as to Mr. Taneeb's actions in encumbering the plaintiff's property, since Mr. Taneeb executed an affidavit averring that the power of attorney had not been revoked, and since BB&T had no actual knowledge of the alleged revocation at the time the loans were made.

BB&T's argument is supported by Virginia law. Under Virginia Code § 11-9.2(b),

> [a]n affidavit, executed by the attorney in fact . . . , setting forth that he has not, or had not, at the time of doing any act pursuant to the power of attorney, received actual knowledge or actual notice of the revocation or termination of the power of attorney, . . . or notice of any facts indicating the same, shall, in the absence of actual knowledge to the contrary on the part of the person to whom such representations are made, be conclusive proof of the nonrevocation or nontermination of the power at the time of the representation in an action by or against the person to whom the representation was made.

Va. Code § 11-9.2(b).

In response to BB&T's motion, the plaintiff suggests that this statutory provision is inapplicable, since the plaintiff did not assert a claim for negligence or fraud against BB&T, but instead requested "purely injunctive [relief]." (Pl.'s Br. 3). However, it is clear from the plain language of § 11-9.2(b) that this distinction is of no consequence. The statute specifically states that it applies "in an action by or against the person to whom the representation was made," Va. Code § 11-9.2(b) (emphasis added); no particular type of action is mentioned in the statute.

4

Thus, it is immaterial that the plaintiff's complaint did not assert a claim for negligence or fraud against BB&T.[2]

Applying § 11-9.2(b), the court concludes that BB&T is entitled to summary judgment. It is undisputed that the power of attorney authorized Mr. Taneeb to encumber the plaintiff's property and that BB&T did not have actual knowledge of any revocation or termination of the power of attorney.[3] Consequently, the affidavit executed by Mr. Taneeb constitutes conclusive proof that the power of attorney had not been revoked at the time the affidavit was presented to BB&T, and the power of attorney must be given full force and effect for purposes of this action.

While the court is sympathetic to the plaintiff's position that she is a "completely innocent party" (Pl. Resp. 3), § 11-9.2(b) makes clear that the plaintiff has no recourse against BB&T. Instead, assuming the truth of the plaintiff's allegations, the plaintiff should file suit against Mr. Taneeb. See, e.g., Va. Code § 11-9.1(c) ("The agent stands in a fiduciary relationship to the principal by whom he was appointed and may be held liable for a breach of any fiduciary duty to the principal.").

---

[2] The court notes that the Uniform Durable Power of Attorney Act contains a provision similar to that set forth in Virginia Code § 11-9.2. See Unif. Durable Power of Attorney Act § 5 ("As to acts undertaken in good faith reliance thereon, an affidavit executed by the attorney in fact under a power of attorney . . . stating that he did not have at the time of exercise of the power actual knowledge of the termination of the power by revocation . . . is conclusive proof of the nonrevocation . . . of the power at that time."). Courts have emphasized that the "§ 5 affidavit . . is intended as protection for third parties dealing with an agent who rely thereon." See Gagnon v. Coombs, 654 N.E.2d 54, 60 n.9 (Mass. Ct. App. 1995).

[3] The court also notes that there is no evidence that BB&T had constructive knowledge of any revocation or termination of the power of attorney. In its initial memorandum, BB&T indicates that, as of the time this action was filed, nothing regarding the revocation or termination of the power of attorney had been recorded in the Clerk's Office of the Circuit Court of the City of Roanoke.

5

## Conclusion

For the reasons stated, the court will grant BB&T's motion for summary judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 13th day of December, 2008.

*/s/ Glen Conrad*

United States District Judge